In re James BEVERLEY, Debtor.

James BEVERLEY, Plaintiff,

v.

Jerome YURCH, Defendant.

Bankruptcy No. B90–01799.
Adv. No. B90–0240.

United States Bankruptcy Court,
N.D. Ohio.

May 20, 1991.

Roger Stearns, Lakewood, Ohio, for debtor-plaintiff.

Jack Curtis, Hohmann, Boukis & Boukis Co., L.P.A., Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

The Debtor filed this adversary proceeding to avoid an alleged preferential transfer to the defendant. The parties have filed several motions and briefs, from which it appears that there is no factual dispute; the parties have agreed that the Court should decide this case on the basis of their briefs and the other relevant papers filed by them. These other relevant papers comprise pleadings and two judgment entries in an Ohio Common Pleas Court case styled Jerome P. Yurch, et al. v. James S. Beverley, et al., case number 153890 in the Court of Common Pleas of Cuyahoga County, Ohio (the "State Court Proceeding"). For clarity Yurch, the defendant in this case, is referred to as the plaintiff, his role in the State Court Proceeding.

### Background

Plaintiff and the Debtor own adjoining parcels of land on a hillside in Brecksville, Ohio. The plaintiff's property lies on the uphill side of the Debtor's. The State Court Proceeding grew out of the Debtor's effort to develop his parcel by constructing a driveway along the boundary separating his property from the plaintiff's. In the course of that enterprise he not only encroached upon the plaintiff's property but his excavation for his driveway resulted in a removal of support for the plaintiff's property, part of which slid downhill into the Debtor's excavation.

This unhappy event resulted in two judgments in the State Court Proceeding—the first an Agreed Judgment Entry entered April 27, 1989 (the "Agreed Order"); the second a Supplemental Judgment Entry entered March 1, 1990 (the "Supplemental Order"). Pursuant to the Agreed Order the Court ordered the Debtor to remove the portion of his driveway that encroached on the plaintiff's property, to remedy the loss of support to plaintiff's property and to prevent further injury to the plaintiff's property by erecting a retaining wall by January 24, 1989 [sic]. The Agreed Order authorized the plaintiff to enter on the

Debtor's property to effect the necessary work if the Debtor failed to do so. In that event the plaintiff was obliged to obtain bids for the work. According to the Agreed Order the cost of the work would be "recorded as a Judgment in favor of plaintiffs against defendants, jointly and severally, by way of a Supplemental Judgment Entry."

In fact, the Debtor failed to perform the work ordered and the plaintiff invoked the right of self-help provided in the Agreed Order. The plaintiff went back to the state court, which on March 1, 1990 entered the Supplemental Order against the Debtor in the amount of $20,160 which was then filed as a judgment lien. This was the low bid obtained by the plaintiff pursuant to the bid procedure prescribed in the Agreed Order. The Supplemental Order also authorized the plaintiff and his construction company to enter upon the Debtor's property to perform the work necessary to support the plaintiff's property and to repair the damage done.

The issue in this case is whether the Supplemental Order, which was entered and recorded as a judgment lien some 50 days prior to filing of this chapter 13 case constituted a transfer avoidable as a preference under section 547 of the Bankruptcy Code. Debtor contends such is the case; plaintiff argues that the transfer was authorized in the Agreed Order entered long prior to the 90–day preference period. After reviewing the documents from the State Court Proceeding it appears that the plaintiff is correct.

*Discussion*

The State Court had jurisdiction over Debtor's property. That property was specifically described in both the Agreed Order and in the plaintiff's complaint in the State Court Proceeding. Therefore under *lis pendens* principles any person dealing with Debtor's property after the complaint was filed, including purchasers and creditors, would take subject to the plaintiff's rights or claims to that property as determined by the court in the State Court Proceeding. See 66 O.Jur.3d, *Lis Pendens* § 16 (1986) and O.R.C. § 2703.26.

Section 547(e)(1)(A) of the Bankruptcy Code provides that for preference purposes a transfer of real estate "is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." Therefore, to the extent that the Agreed Order can be characterized as the "transfer" at issue, the transfer would have been made and perfected long prior to the entry of the Supplemental Order and long prior to the preference period. But the essence of the Debtor's argument is that there was at that point no transfer, whatever the status of the public record; there was simply an obligation on the Debtor to undertake certain work on his property for the benefit of the plaintiff's property. He argues that the Agreed Order may have contemplated the possibility of a transfer, but that no transfer in fact was made until the entry of the Supplemental Order which created the $20,160 lien. Although the Debtor's argument is plausible and has a certain logical appeal, it does not adequately reflect the nature of the relationship between the parties and their property.

That relationship is not primarily that of debtor and creditor; it is the relationship between owners of adjoining parcels of land. That relationship is primarily *in rem*, not *in personam;* this difference in focus is generally characterized by the statement that the obligation "runs with the land." To absolve the Debtor's property from its obligation to provide natural support for plaintiff's property would constitute a windfall for the Debtor or his creditors not, as intended through preference recovery, the restoration of equality among creditors.

The Agreed Order grew out of and defined the support relationship between the plaintiff's land and the Debtor's land and imposed on the Debtor the obligation to restore that support. If the Debtor failed to meet his obligation as owner, the Agreed Order spelled out the plaintiff's self-help

remedies which were to be secured in effect by a lien on the Debtor's property. The fact that the lien ripened within the preference period does not constitute the sort of transfer which section 547 proscribes. The obligation of the Debtor's property to the plaintiff's predated the preference period and anyone dealing with the Debtor's land from the time of the Agreed Order (in fact from the date that the plaintiff's complaint was filed in the State Court Proceeding) took subject to that obligation. Therefore, the Court holds that the plaintiff's interest in the Debtor's land is not avoidable under section 547 of the Bankruptcy Code. The Court's order in conformity with this opinion is attached.

### ORDER

A memorandum of opinion having been issued on the Debtor's preference complaint,

IT IS ORDERED, ADJUDGED and DECREED that the relief requested be, and it hereby is, denied.